IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OSCAR GABRIEL JIMENEZ and | § | |
| CHANDRA RAE JIMENEZ, | § | |
| Plaintiff | § | |
| Vs. | § | CIVIL ACTION NO. 02: 07-CV-154 |
| | § | |
| WOOD COUNTY, TEXAS | § | |
| and SHERIFF DWAINE DAUGHERTY | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Chandra Jiminez's ("plaintiff") Application for Attorney Fees and Costs ("Application"). (Dkt. No. 177). Following a trial in this case, a jury found in favor of the plaintiff on her violation of civil rights claims against defendants Wood County and Sheriff Dwaine Daugherty (collectively, "the Wood County defendants"). In addition to actual damages, the jury found that defendant Daugherty's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the plaintiff. The Jury awarded punitive damages against the defendant for such conduct. The plaintiff now seeks reasonable attorney's fees incurred in the prosecution of her case as the prevailing party, under 42 U.S.C. §1988. In her Application, plaintiff seeks $222,780 in attorney fees and $43,337.83 in expenses. Defendant opposes plaintiff's request for attorney's fees in its entirety. Alternatively, defendant argues that the award should be limited based on a reasonable rate and after deduction of items that are not properly recoverable under the applicable law. The Court GRANTS plaintiff's application, but limits the attorneys fees award to an amount of $157,394.60, and costs awarded to an amount of $37,153.95, as discussed below. Plaintiff

requests further awards for attorney's fees to provide for future appeals in this case. The Court DENIES this part of the application.

I. Discussion

A. Attorney's Fees

42 U.S.C.§l988 allows a court, in its discretion, to award the prevailing party, reasonable attorney's fees incurred in litigating the case. *See* 42 U.S.C. §l988. A plaintiff may be considered a "prevailing party" if she succeeds on any significant issue in litigation that achieves some of the benefit the party sought in filing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment. *Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

The determination of a reasonable attorney's fee award is a two-step process. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorney's fees. *Id*. The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Once the lodestar is calculated, the amount can be adjusted, depending on the twelve factors[1] set forth in *Johnson v. Georgia Highway Express, Inc*. before final fees are calculated. 488 F.2d 714, 717 (5th Cir. 1974). The district court should exclude all time that is

---

[1] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; (12) awards in similar cases. *Johnson*, 488 F.2d, at 717-718

excessive, duplicative, or inadequately documented. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The district court has broad discretion in setting reasonable attorney's fees. *Id*.

Based on the evidence presented at the trial and verdict rendered by the jury, this Court finds that the plaintiff is entitled to fees and costs incurred in connection with the filing and prosecution of this case.

This case was filed by plaintiffs Chandra and Oscar Jiminez against the Wood County defendants as well as the Texas Alcoholic Beverage Commission ("TABC") and the TABC Commissioner Alan Steen (collectively, "the TABC defendants"). Oscar Jiminez's claims against the TABC defendants were resolved prior to trial by settlement. The Court held a trial only on Chandra Jiminez's claims against the Wood County defendants. The plaintiff's case was tried by Edwin E. Wright, III and Joe Tooley.[2] Counsel represent to the Court that they have agreed to waive any contingency fees. Plaintiff's attorneys have filed billing statements with their motion for attorney's fees. (Dkt. No. 177). These statements indicate that Mr. Wright spent 274.8 hours and Mr. Tooley spent 467.8 hours on this case.[3] Plaintiff's attorneys argue that $300.00 per hour is a fair, reasonable, and customary fee for this case.

The Wood County defendants argue that they should be held responsible only for reasonable hours billed on plaintiff Chandra Jiminez's illegal strip search claim. Defendants argue that although plaintiff Oscar Jiminez settled his claims against the TABC defendants, discovery was common to all claims and both plaintiffs' cases. Because most of the discovery that took place in this case involved the claims against TABC, defendants argue that any hours

---

[2] Edwin E. Wright, III and Joe Tooley have been counsel for both plaintiffs throughout this case.
[3] Mr. Tooley's statement indicates that he spent a total of 678.3 hours on this case for both plaintiffs. However, Mr. Tooley had reduced the number of billed hours for tasks that were common to both plaintiffs' cases, thereby claiming a total of 467.8 hours for Chandra Jiminez's case. Mr. Wright's statement appears to be for work

that may be attributed to Oscar Jiminez's claims against TABC cannot be charged to the Wood County Defendants. According to the defendants, Ms. Jiminez's case was straightforward and most of the facts were not contested. Therefore, defendants request the Court to go through any billing by the plaintiff's attorneys that indicates intertwined issues and make a 50 percent downward adjustment for time attributed to the TABC claims.[4]

Plaintiff Chandra Jiminez points out that her claims against the Wood County defendants were inextricably intertwined with her husband's and her claims against the TABC defendants. As evidence, she notes that the Wood County defendants attended all depositions and pretrial matters. Plaintiff argues that the raid that led to the illegal strip search of Chandra Jiminez was a "joint raid" between the TABC and Wood County. Therefore, plaintiff argues that the attorneys' time spent on these common issues was necessary for the successful prosecution of her claims against the Wood County defendants.

The Court agrees. The issues against the TABC were indeed closely intertwined with claims against the Wood County defendants. Defendants' argument now cuts against their very conduct at trial. It was the defendants that introduced at trial all of the factual disputes related to the TABC's raid and the TABC agents' action against Oscar Jiminez that gave rise to his claims against those defendants. It is clear that the defendants could have defended against Chandra Jiminez's claims at trial without intermingling those issues. However, the defendants made a conscious decision to interject those disputes at trial. By doing so, the defendants made any discovery taken by the plaintiffs on claims against the TABC defendants very much relevant to

---

done toward the entire case.

[4] Defendants have edited billing statements submitted by the plaintiff's counsel to indicate what they contend should be awarded for prosecuting Chandra Jiminez's claims. *See* Defendants' response, Dkt. No. 181, Ex. 1, 2.

Chandra Jiminez's case at trial. Furthermore, the jury, through its verdict, rejected defendants' proposition that the raid was not a "joint raid" and was conducted by TABC alone.[5]

Therefore, the Court finds that a 50 percent reduction for billing towards common issues would be unfair to the plaintiff. The Court could likely find such a reduction reasonable had the plaintiff not been forced to rebut defenses that were based on TABC's conduct in this case. Because the defendants made the discovery taken against TABC directly relevant to Chandra Jiminez's case at trial, the Court finds that only a 25 percent reduction is necessary on any billing by the plaintiff's attorneys that indicates intertwined issues.

With regard to Mr. Wright's billing statement, the Court has considered each time entry to which the defendants have objected. In place of the defendants' reductions or total elimination of billed hours, the Court has made a 25 percent reduction to the hours listed by Mr. Wright, resulting in a total of 247.63 hours.

With regard to Mr. Tooely's billing statement, the Court notes that Mr. Tooely has himself reduced or completely deducted hours billed where the entry was not relevant to the Wood County defendants or where work done was applicable to both Wood County and TABC defendants. The Court has examined each entry made on Mr. Tooley's billing statement and defendants' proposed reductions. The Court is not persuaded that further reduction of hours is necessary in light of the Court's ruling above. Therefore, the Court allows Mr. Tooley's reduced 467.8 hours towards Chandra Jiminez's claim.

---

[5] The Court notes that the plaintiffs presented witness testimony that Sheriff Daugherty was present at the plaintiffs' premises during the raid. Sheriff Daugherty testified to the contrary. The question of whether the Wood County defendants took part in the raid was critical to the defense that the defendants had "reasonable suspicion" to search Chandra Jiminez. The Jury, in rendering its verdict for the plaintiff, found that defendants' conduct was not objectively reasonable. *See* Verdict Form, Dkt. No. 161.

The plaintiff's attorneys are requesting fees at a rate of $300 per hour. They argue that this is the prevailing rate in the Eastern District of Texas for a case such as this one litigated by attorneys of reasonably comparable skills, experience and reputation.[6] *See McClain v. Lufkin Industries, Inc.*, 2009 WL 921436 (E.D. Tex. Apr. 02, 2009) (finding a $400 rate reasonable for experienced lawyers in the Eastern District of Texas in complex litigation). This Court has recently found a $275 per hour rate to be reasonable for plaintiff's counsel in an ERISA case. *See Nicolas v. MCI Health and Welfare Plan No. 501*, 2009 WL 430397 (E.D. Tex. Feb. 18, 2009). The Court finds the same rate reasonable for a civil rights case as well.

The total fees allowed are, therefore, calculated by multiplying the number of hours reasonably expended by counsel on the litigation (715.43) times a reasonable hourly rate ($275). Accordingly, the "lodestar" is $196,743.25.[7]

The Court has evaluated the lodestar under the twelve *Johnson* factors, and finds that there is a need to adjust the lodestar downward. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993) ("modifications are proper only in certain rare and exceptional cases"). Defendants argue the Court should pay special attention to the four factors highlighted by the Fifth Circuit: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Further, the defendants point out that "the Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained.'" *Id.* (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Defendants here focus on the fact that the jury only

---

[6] Both lawyers have more than 30 years experience.
[7] 715.43 x $275 = $196,743.25.

awarded a tenth of what the plaintiff sought in damages at trial. However, the amount of damages is not the only measure of success. *See id.* (considering also how many of the asserted claims the plaintiff had prevailed on). Here, not only did the Jury find for the plaintiff against both the Wood County Sheriff's Office and Daugherty, it also found that defendants' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to her federally protected rights. (Dkt. No. 168). On balance, although the Court agrees with the defendants that in light of the damages awarded by the Jury to the plaintiff, the attorney fees sought is high, the Court is not inclined to apply a significant downward shift to the lodestar amount.[8] The Court adjusts the lodestar downward by 20 percent, resulting in a total fee award of $157,394.60. The Court finds that this award would be reasonable under Fifth Circuit law. *See Migis*, 135 F.3d at 1048 (finding an attorney's fee award of over six and one-half times the amount of damages awarded simply too large to be allowed to stand).

Finally, the plaintiff requests this Court to award an additional $10,000.00 in attorney's fees for each appeal in the event that defendants appeal this case to the Fifth Circuit or the Supreme Court. Plaintiff's request is DENIED.

### B. Expenses

Defendants make a similar argument with regard to expenses. Defendants argue that any costs that were expended toward issues related to the TABC defendants should be denied completely or reduced by 50 percent. For the reasons stated above, the Court finds that a 25 percent reduction to the common billed expenses suffices. Therefore, with regard to the $37,370.25 expenses billed by Mr. Wright, the Court reduces them to $31,186.37 by making the

---

[8] The Court finds that the other three important factors do not favor a shift in either direction.

appropriate deduction to each of the disputed line items.[9] Mr. Tooley has already deducted or reduced expenses depending on whether the task was done toward claims solely against the TABC defendants or toward claims common to all the defendants. Therefore, the Court allows Mr. Tooley's reduced expenses of $5,967.58.

## II. Conclusion

After considering arguments by both parties and evaluating the fees and costs billed by the plaintiff in light of defendants' arguments and applicable law, the Court finds that the plaintiff is entitled to recover $157,394.60 in fees and $37,153.95 in expenses.

Judgment will be rendered in accordance with the above.

SIGNED this 25th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[9] Plaintiffs represent that their expert's fee has already been reduced to only that portion which is attributable to claims against the Wood County defendants. Therefore, the Court does not make a reduction to that entry.